UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

VICTOR MOSELEY, et al.                                                          PLAINTIFFS

v.                                                                 CIVIL ACTION NO. 3:03CV-21-S

GRANGE MUTUAL CASUALTY CO.                                                      DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the law firm of Middleton & Reutlinger, P.S.C. to intervene in this action (DN 37). For the reasons set forth herein, the motion will be denied.

This action was brought by plaintiffs Victor and Kathy Moseley, f/d/b/a Victor's Secret and Victor's Little Secret, d/b/a Kathy's Little Secret (collectively, "Victor's"), seeking reimbursement of legal fees under a commercial general liability insurance policy provided by Grange Mutual Casualty Company ("Grange"). Middleton & Reutlinger is apparently owed legal fees by Victor's for services rendered in an appeal of an unfavorable decision in an underlying trademark dilution action brought by lingerie giant Victoria's Secret against Victor's.

In 1998, the Moseleys opened an adult-oriented novelty and lingerie store in Elizabethtown, Kentucky which they named "Victor's Secret." Victor's received a "cease and desist" letter from Victoria's Secret Catalogues, Inc. and Victoria's Secret Stores, Inc. Despite altering the name to "Victor's Little Secret," the Victoria's Secret filed suit against Victor's for trademark infringement, unfair competition, and dilution of its trademarks.

Grange was notified of the suit and provided a defense under a reservation of rights. In 2000, the claims were resolved by the district court on cross-motions for summary judgment. Victor's succeeded in obtaining dismissal of the trademark infringement, unfair competition, and common law infringement claims. The court granted judgment in Victoria's Secret's favor on its claim for violation of the Federal Trademark Dilution Act ("FTDA") and enjoined the further use of the trade names "Victor's Secret" and "Victor's Little Secret."

After entry of summary judgment and an injunction, Grange notified Victor's that it considered the matter concluded and its obligations under the policy fulfilled. Victor's appealed the injunction to the United States Court of Appeals for the Sixth Circuit. In July of 2001, the Court of Appeals upheld the District Court's decision.

Victor's then retained the firm of Middleton & Reutlinger ( also referred to as"the firm" herein) to appeal to the United States Supreme Court. In June of 2002, Middleton & Reutlinger notified Grange by letter that it was representing Victor's on a petition for certiorari to the Supreme Court. The firm also stated that Grange's conclusion that all matters pertaining to the lawsuit had been resolved was in error, and that Grange remained obligated to provide a defense "of an on-going lawsuit against the Moseleys alleging 'advertising injury,' as defined by the policy to which no exclusions apply..." (DN 38-6, p.2). Middleton & Reutlinger provided a summary of charges to date for the services and costs of three law firms in the sum of $108,013.70. Middleton & Reutlinger requested that Grange issue a check for the total. Of the total charges, $91,123.22 represented Middleton & Reutlinger's fees for its work at the Supreme Court. Grange did not pay, so Victor's filed this lawsuit in December of 2002. This suit remained dormant while the underlying action was still being litigated.

In April of 2002, the Supreme Court accepted Victor's petition for certiorari. The Supreme Court reversed the Court of Appeals ruling, finding that Victoria's Secret had failed to show that its famous mark had suffered "actual dilution" under the FTDA. In 2006, the Court of Appeals remanded the case to the District Court. In 2008, the District Court again granted Victoria's Secret injunctive relief. Victor's filed another appeal to the Sixth Circuit. The Court of Appeals affirmed the District Court ruling in August of 2012. A petition for certiorari to the Supreme Court was denied in 2011.

With the exhaustion of all avenues of appeal in the underlying action, Grange filed a motion for summary judgment in this action in January of 2012, maintaining that it owed no additional defense to Victor's beyond the date of the District Court's 2000 decision. It urged that it had no duty to defend against injunctive relief or fund appeals from an injunction because the claims of Victoria's Secret in the underlying suit were not accompanied by a prayer for monetary compensation. (DN 36-1, p. 2).

Shortly after the filing of the summary judgment motion, Middleton & Reutlinger moved to intervene in the action (DN 37). In the proposed Intervening Complaint, the firm alleges that the attorneys' fees that Victor's seeks to recover are owed to it for work in defending Victor's. The firm claims an interest in the resolution of Grange's obligation to provide Victor's a defense. (DN 37-1). Grange has opposed the motion to intervene. Victor's has not weighed in on this issue.

Victor's responded and opposed Grange's summary judgment motion. Victor's is represented, as it has been since the inception of the suit, by attorney John E. Spainhour. Middleton & Reutlinger has never represented Victor's in this suit. The firm grounds its motion for leave to

intervene on Fed.R.Civ.P. 24(a)(2) which provides for intervention as of right when a proposed intervenor

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Alternatively, the firm seeks permissive intervention under Fed.R.Civ.P. 24(b)(1)(B) which permits intervention when the proposed intervenor

> has a claim or defense that shares with the main action a common question of law or fact.

We will address these arguments *seriatim.*

Grange urges that Middleton & Reutlinger does not have a legally protected interest in the insurance policy between Victor's and Grange. Thus Grange urges that it is thus not the real party in interest and should not be permitted to intervene. While we agree with this proposition, none of the cases cited by Grange involve attorneys seeking to intervene to pursue a source of payment for attorneys' fees. Thus these cases, all from other jurisdictions, necessarily involve different considerations than those presently before the court, and we do not find them particularly helpful.

The court understands that Middleton & Reutlinger would much rather pursue Grange for payment than seek a judgment against its former client. However, the fact remains that its legal interest is against Victor's for payment of its fees. Middleton & Reutlinger is a stranger to the insurance policy and, absent an assignment of rights by Victor's, it has no standing to litigate provisions of Victor's policy.

However, the question remains whether the language of Rule 24(a), which does not utilize "real party in interest" terminology, contemplates the intervention of an attorney to protect the

source of payment of his fee. We find that Rule 24 does not so contemplate, and that, as a matter of policy, the bounds of Rule 24(a) should not be so expanded.

Middleton & Reutlinger cited a case from this circuit in which the Court of Appeals held that it was not error for the district court to permit the *pro se* plaintiff's former attorney to intervene as an interested party in the appeal of the dismissal of plaintiff's civil rights action. *Galey v. The May Department Stores Co.*, 9 Fed.Appx. 295, 2001 WL 278489 (6th Cir. Mar. 15, 2001). The court of appeals stated:

> As a final initial matter, the district court did not err in allowing Galey's retained attorney, who Galey asked to withdraw, to intervene as an interested party...An applicant for intervention under Fed.R.Civ.P. 24(a)(2) must show that (1) the applicant has timely applied to intervene, (2) the applicant has a substantial legal interest in the pending litigation, (3) the applicant's ability to protect that interest is impaired, and (4) the parties before the court do not adequately represent that interest. *Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389, 395 (6th Cir. 1993). The district court properly concluded that retained counsel met these requirements after Galey asked him to withdraw and decided to proceed *pro se*. *See Fox & Assocs. Co. v. Purdon*, 44 Ohio St.3d 69, 541 N.E.2d 448, 450 (1989)(concluding that, under Ohio law, an attorney who has been discharged by his or her client is entitled to recover the reasonable value of services rendered prior to discharge on the basis of quantum meruit).

*Id.* at *1.

The *Galey* case is an unpublished 6th Circuit opinion. It has not been cited by any other court, and for good reason. It provides virtually no legal analysis concerning the purported "substantial legal interest" beyond the recitation of the truism that an attorney is entitled to recover the value of services which were rendered prior to being discharged from representation. Despite Middleton & Reutlinger's urging that "[t]he Sixth Circuit has previously acknowledged that an attorney has a legal interest sufficient to support intervention of right in litigation affecting his right to recover legal fees to which he is entitled" (DN 44, p. 5), the *Galey* case cited in supported of this

proposition is of virtually no precedential value in substantiating the firm's argument, and we decline to follow it.

In the Advisory Committee Notes to the 1966 Amendments to Rule 24, the Committee states that

> The general purpose of original Rule 24(a)(2) was to entitle an absentee, purportedly represented by a party, to intervene in the action if he could establish with fair probability that the representation was inadequate. Thus where an action is being prosecuted or defended by a trustee, a beneficiary of the trust should have a right to intervene if he can show that the trustee's representation of his interest probably is inadequate; similarly a member of a class should have the right to intervene in a class action if he can show the inadequacy of the representation of his interest by the representative parties before the court.

Here, the law firm's interest is once removed from the subject matter of the litigation. The right to a defense belongs to the insured under the policy. The law firm has no interest in the right Victor's seeks to redress. Rather, the law firm's interest is limited to its right to payment of fees by Victor's. Secondarily, the firm hopes that a recovery by Victor's in this action may ensure that its bill paid. There is no "right" to intervene under such circumstances.

As a policy matter, we believe that this ruling reaches the correct result. While different on its facts, the case of *Butler, Fitzgerald & Potter v. Sequa Corporation*, 250 F.3d 171 (2d Cir. 2001) offers some pertinent insights into the issue of permitting Rule 24(a) intervention by attorneys seeking to protect an interest in their fees:

> Distinct from the question of whether [the asserted interest] falls within the language of Rule 24 are the public policy repercussions that arise when discharged counsel is permitted to intervene as of right in his former client's action to protect an interest in legal fees. The Fifth Circuit appears to be the only federal appellate court to have grappled expressly with the problem of terminated attorneys as putative intervenors...But while the Fifth Circuit has adhered to its holdings...allowing intervention, that Circuit has more recently questioned whether a discharged attorney's intervention into a former client's action contravenes prudent public policy...We agree that substantial policy interests are implicated by allowing a

>   discharged attorney to intervene in a former client's action as a matter of right...[A]lthough the intervenor counsel and the client might both desire the client's ultimate success, their cost-benefit calculuses may well diverge. While the law firm's sole interest is generally in a financial recovery...the decision-making of the former client may incorporate other factors...

*Id.* at 178-79.

We the find the policy interests all the more compelling under the facts before this court. Intervenor counsel in this case has no connection, either formerly or presently, to this second action filed by Victor's. The firm's interest is purely economic and based solely representation of Victor's in the underlying suit. This interest is insufficient for intervention under Rule 24(a), and must be precluded as a matter of policy as well. *See also, Gov't of Virgin Islands v. Lansdale*, 2010 WL 2991053 (D.V.I. July 26, 2010); *Newman v. Mutual Life Ins. Co.*, 206 F.R.D. 410 (D.Md. 2002)("The court finds the policy concerns expressed in *Butler* particularly compelling. Moreover...no showing whatsoever with regard to the inadequacy of...present counsel...").

We also decline permissive intervention pursuant to Rule 24(b) as Middleton & Reutlinger's claim does not "share[] with the main action a common question of law or fact." It is true that Victor's and the firm seek the same outcome – that Grange be required to pay the costs of defending Victor's various appeals. However, the Rule requires a more scrupulous analysis. Rule 24(b) requires that Middleton & Reutlinger's *claim* share with the main action a common question of law or fact. Middleton & Reutlinger do not have a *claim* in this action. Rather, its proposed Intervening Complaint tells the story. The firm simply seeks to "adopt by reference the averments and demands made in the Moseleys' complaint against Grange," noting that "Middleton has invested substantial time and money defending.. " and thus "Middleton claims an *interest in the resolution* of Grange's obligation..." (DN 37-1, p. 2, ¶¶ 5,6 (emphasis added)). Middleton & Reutlinger does not state a

claim because it does not have a claim in this action. Its claim for payment of attorneys' fees is against Victor's. It is not asserted here.

The court is not unmindful of the realities of law practice, and the necessity that counsel be paid for services rendered, especially in a case such as this where the legal services provided were of the highest quality. But in the absence of demonstrable standing to make a claim under the insurance policy, such as might be afforded by assignment, intervention must be denied.

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of Middleton & Reutlinger to intervene in this action (DN 37) is **DENIED.** In accordance with the February 24, 2012 order of this court (DN 42), the defendant, Grange Mutual Casualty Company, **shall have twenty (20) days from the date of entry of this order** to file its reply brief on summary judgment.

**IT IS SO ORDERED.**

June 21, 2012

**Charles R. Simpson III, Judge**
**United States District Court**