UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

VICTOR MOSELEY, et al.                                                                                    PLAINTIFFS

v.                                                                               CIVIL ACTION NO. 3:03CV-21-S

GRANGE MUTUAL CASUALTY COMPANY                                                           DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on motion of the defendant, Grange Mutual Casualty Co. ("Grange"), for summary judgment (DN 36) in this action by Victor and Kathy Moseley d/b/a Victor's Little Secret f/k/a Victor's Secret (hereinafter "the Moseleys"), to recoup certain defense costs. The Moseleys were sued by Victoria's Secret Catalogue, Inc. for various purported trademark violations. *V Secret Catalogue, Inc. v. Victor Moseley, et al.*, Civil Action No. 3:98CV-395-S (hereinafter the "Victoria's Secret suit" or underlying suit)[1]. Grange provided them a defense. The Moseleys then appealed a partially adverse judgment issued against them. The Moseleys filed the present action in 2003 after Grange ceased providing them a defense in pursuing an appeal.

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the

---
[1] All references to filings in the Victoria's Secret suit will be referenced as "VS, DN ___."

substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

For purposes of this ruling, we note the following pertinent undisputed facts:

(1) In the underlying suit, Victoria's Secret claimed, *inter alia*, that the Moseleys violated the Federal Trademark Dilution Act ( the "FTDA," found in the Lanham Act at 15 U.S.C. § 1125(c)(1)). VS, DN 1, Compl., Count III.

(2) Victoria's Secret alleged that the Moseleys engaged in willful and intentional infringement. VS, DN 1, Compl., ¶ 46.

(3) In connection with various trademark violations, Victoria's Secret demanded injunctive relief and damages. VS, DN 1, Compl., Prayer for Relief, pp. 11-15.

(4) Victoria's Secret moved for summary judgment on Count III, noting that "Although the Lanham Act, § 43(c)(2), 15 U.S.C. § 1125(c)(2), provides that the owner of a famous mark may also be entitled to monetary relief if willful intent on the part of the defendants is proven as set forth in Lanham Act §§ 35(a) and 36, 15 U.S.C. § 1117(a) and 1118, for purposes of this motion, Victoria's Secret seeks only injunctive relief." VS, DN 38-1, Mo. for SJ, p. 2, \*\*.

(5) This court granted Victoria's Secret's dilution claim and entered an order that "The [Moseleys] are hereby enjoined from using the designation "Victor's Secret" or "Victor's Little Secret" or any mark similar thereto, or any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' trademark."  VS, DN 39, 2/9/00 Order.

(6) The Moseleys were notified by letter from counsel Don A. Pisacano that:

> The bottom line is that we were successful in getting all counts dismissed without any monetary damages being assessed against you with the exception of the plaintiff's request for an injunction prohibiting you from continued use of the name "Victor's Little Secret."  The injunction includes the name "Victor's Secret" or any name similar to either.
>
> We are very pleased with this ruling and have no plans to appeal any portion of the Order.  You have a right to file an appeal if you so desire; however, you will have to retain separate counsel to do so.  Prosecuting an appeal in an attempt to keep the same name is not covered by your contract of insurance.  If you decide to appeal this decision, please make certain that you retain counsel immediately and make your new attorney aware of the fact that the appeal must be filed by March 10, 2000."

2/11/00 Letter, Pisacano to Moseleys.

(7) The Moseleys then retained Don Pisacano, the same attorney who had been retained by Grange to provide their defense at the trial court level, to perfect their appeal.  Appeal was taken from an order which, in part, granted injunctive relief, and the ruling upon which the order for injunctive relief was based.

(8) The Moseleys' notice of appeal was filed in the Victoria's Secret suit on March 10, 2000. VS, DN 40, Notice of Appeal.

(9) On July 13, 2000, Grange notified the Moseleys that the Victoria's Secret suit and all matters pertaining to it were concluded and its file on the case was closed.  7/13/00 Letter, Grange to Moseleys.

(10)  The Moseleys were unsuccessful in the first appeal to the United States Court of Appeals for the Sixth Circuit and thereafter hired new counsel who sought review *en banc* and certiorari to the United States Supreme Court.  In 2003, the Supreme Court reversed the Court of Appeals on the finding of actual dilution, and remanded the case to the Court of Appeals for further proceedings.  VS, DN 48.

(11)  The matter remained pending at the Court of Appeals from 2003 until it was remanded to this court in September of 2007.  The mandate issued on September 26, 2007.  VS, DN 56.

(12)  On remand to this court, Grange retained Clark & Ward PLLC to act as co-counsel on behalf of the Moseleys.  VS, DN 57, Notice of Appearance filed October 10, 2007.

(13)  In light of the 2006 enactment of the Trademark Dilution Revision Act, 15 U.S.C. § 1125(c) which altered the standard of proof in dilution cases, a briefing schedule was established for the parties to file new summary judgment motions.  VS, DN 60.

(14)  On October 22, 2007, an agreed stipulation was filed by the parties that Victoria's Secret was withdrawing its claims for "monetary relief set forth in Paragraph B through E of the prayer for relief of the complaint" in the Victoria's Secret suit.  VS, DN 61, Stipulation.

(15)  The matter was litigated to conclusion on the claim for injunctive relief under the new dilution standard.  Summary judgment was entered in favor of Victoria's Secret and the Moseleys were again enjoined from using "Victor's Secret, "Victor's Little Secret," or the Victoria's Secret mark. The Court of Appeals  affirmed this court's decision.  VS, DN 76, 77.  The Supreme Court denied certiorari.  The matter was finally concluded in all aspects on March 8, 2011.  VS, DN 80.

Grange has moved for summary judgment contending that from February 9, 2000 until the 2007 remand it had no duty to provide a defense for the Moseleys.  This argument is based primarily

on the contention that Victoria's Secret's claim for damages was extinguished by this court's February 9, 2000 summary judgment ruling. As the undisputed facts do not support this premise, Grange's motion must be denied.

Grange contends that it had no duty to provide a defense on appeal because the February 9, 2000 ruling "removed [money damages] from the claim for relief, leaving only the prayer for injunctive relief..." Mo. for SJ, p. 12. Grange states that it "retained Mr. Pisacano at Stites & Harbison in Lexington, Kentucky to represent the insured to the point of conclusion of the case." *Id.* Thus Grange equates the court's silence as to money damages with a judgment. However, Grange's conclusion that the damages claim was extinguished is unsupported by the record.

Orders granting injunctive relief are interlocutorily appealable. 28 U.S.C. § 1292(a)(1). *See, The Kroger Company v. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir. 2006)("[The Sixth Circuit has] jurisdiction over this interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(1), because the question on appeal involves the grant of injunctive relief."). Therefore, it does not follow that the taking of an appeal evidences that Victoria's Secret's claim for damages was extinguished. Victoria's Secret's summary judgment brief specifically indicates to the contrary. The question of money damages was not before the court on summary judgment, as it had been reserved by Victoria's Secret. Finding that Victoria's Secret was entitled to judgment on the dilution claim, the court granted the injunctive relief requested in the motion. The court did not render a final judgment in the case. An immediate appeal was taken by the Moseleys from the court's summary judgment ruling. Thus the damages claim was neither dismissed nor abandoned. It was simply fallow.

Whether Victoria's Secret would have pursued damages had the appeal not been taken by the Moseleys is anyone's guess. But an appeal *was* taken, and the claim for damages remained

dormant but outstanding. The record need only establish uncertainty as to the availability of such damages for Grange's purposes. As noted by Grange, "a duty to defend against the imposition of injunctive relief exists only where there also exists the possibility of damages." Mo. for SJ, p. 9.

The complaint contains a prayer for damages under the Lanham Act. Grange provided the Moseleys a defense to the suit from the outset without any reservation of rights. The parties do not dispute that an

> insurer has a duty to defend if there is any allegation which potentially, possibly or might come within the coverage of the policy. The insurance company must defend any suit in which the language of the complaint would bring it within the policy coverage regardless of the merit of the action. The determination of whether a defense is required must be made at the outset of the litigation. The duty to defend continues to the point of establishing that liability upon which plaintiff was relying was in fact not covered by the policy and not merely that it might not be.

*James Graham Brown Foundation, Inc. v. St. Paul Fire & Marine Ins. Co.*, 814 S.W.2d 273, 279 (Ky. 1991)(internal citations omitted).[2]

Grange provided a defense for the Moseleys without any reservation of rights at the outset of the case. Grange's reentry into the case on October 10, 2007 after remand to this court, retaining counsel to again provide a defense to the Moseleys, suggests acknowledgment of a potential damage claim because a stipulation withdrawing the damage claim was filed several weeks thereafter on October 22, 2007. The stipulation withdrawing the damages claims marked the point at which the prayer for damages was *unequivocally* extinguished from the suit.

---

[2] Grange comments that willful and intentional conduct is required for an award of money damages under the FTDA, and that such a level of conduct is not covered under any insurance policy. Mo. for SJ, p. 10. Grange cites no authority. It is therefore merely argument of counsel and will not be further addressed herein.

At the time the Moseleys took their appeal, money damages remained unaddressed. Having failed to establish that all possibility of money damages was extinguished on February 9, 2000, Grange's motion for summary judgment must be denied.

Therefore, motion having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Grange Mutual Casualty Company, for summary judgment (DN 36) is **DENIED.**

**IT IS SO ORDERED.**

September 10, 2012

Charles R. Simpson III, Judge
United States District Court